## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DANIEL GONZALEZ,
               Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
               Agency.

DOCKET NUMBER
SF-0752-19-0024-I-1

DATE: May 24, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel Gonzalez, La Grande, Oregon, pro se.

Kevin L. Owen, Esquire, Silver Spring, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained his removal for medical inability to perform. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to incorporate and apply the proper legal standard for the appellant's disparate treatment disability discrimination affirmative defense, we AFFIRM the initial decision.

The following facts, as further detailed in the record and initial decision, appear to be undisputed. The appellant held the position of Wildlife Biologist for the Forest Service. Initial Appeal File (IAF), Tab 69, Initial Decision (ID) at 2. He was assigned to the Pacific Northwest Region's Wallowa-Whitman National Forest, Whitman Ranger District, with a duty station of Baker City, Oregon. *Id.*; IAF, Tab 6 at 200.

In November 2017, the appellant began providing the agency with a series of medical notes, along with a leave application under the Family Medical Leave Act (FMLA), indicating that he was at least temporarily incapacitated due to depression, posttraumatic stress disorder, and anxiety. ID at 2-3; *e.g.*, IAF, Tab 28 at 21-31. This documentation culminated with a series of January and February 2018 letters from the appellant's psychiatrist. ID at 3-4. The first indicated that it was "absolutely essential that [the appellant] not return to work in Baker City[,] which is a trigger for his [condition,] and he may not be able to work anywhere." IAF, Tab 28 at 32. The next provided that the appellant "certainly cannot work in Forest Service Region 6.[2] Ideally[,] he would take a

---

[2] "Forest Service Region 6" is otherwise known as the "Pacific Northwest Region." *Compare* IAF, Tab 28 at 33 (psychiatrist's reference to Region 6), *with* IAF, Tab 6 at 146-48 (agency documents listing the offices within "REGION 6 (PACIFIC

virtual or remote position in which his duty station would be his home or an independent office in Union County[,] outside the influences of the Wallowa Whitman National Forest." *Id*. at 33. Soon thereafter, the appellant's psychiatrist provided the following, more detailed, explanation:

> While I cannot be certain that [the appellant] will ever get over his conditions to the point of being able to return to work in Baker City or the Wallowa Whitman National Forest, I can say with certainty that it is probable he will need a year off this type of work (from today's date) to engage in appropriate psychotherapy without the stress of trauma triggering work. He would be able to work much earlier if assigned to a different region in a remote capacity which would not be trauma triggering.

*Id*. at 34. Within the accompanying FMLA forms, the psychiatrist once again indicated that the appellant would be incapacitated for a year, "unable to perform even the least stressful job functions." *Id*. at 36. He also warned that the appellant had "ongoing symptomology including rage at his place of employment" and that rage "could result in harm to self or others." *Id*. at 37.

As a result of these reports from his psychiatrist, the agency asked the appellant what, if any, reasonable accommodation he was seeking. ID at 4; IAF, Tab 28 at 39. After receiving the appellant's response, the agency conducted a search but found no vacant funded position that was consistent with the appellant's limitations. ID at 4-5; *e.g.*, IAF, Tab 6 at 226-27, 236-38, 242, Tab 35 at 9, 11.

In July 2018, the agency proposed the appellant's removal for medical inability to perform the essential duties of his position. ID at 5; IAF, Tab 6 at 210-12. The agency effectuated his removal in October 2018, and this appeal followed. ID at 5; IAF, Tab 6 at 200-03. The administrative judge developed the record and held the requested hearing before sustaining the removal action.[3] ID

---

NORTHWEST REGION)" to include Wallowa-Whitman National Forest).

[3] Though not expressly stated in the initial decision, we recognize that, at the start of the hearing, the administrative judge issued a ruling to exclude a number of late submissions from both parties. IAF, Tab 63, Hearing File, Day 1. In particular, the

at 1.  She found that the agency met its burden of proving the charge, nexus, and penalty.  ID at 7-10, 19.  The administrative judge also found that the appellant failed to prove his failure to accommodate and disparate treatment disability discrimination claims.  ID at 11-19.

The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He has also filed several other pleadings with additional evidence.  PFR File, Tabs 2-5.  For example, the appellant submitted affidavits from two agency employees, dated months before the initial decision in this appeal, PFR File, Tab 2 at 4-17, Tab 5 at 6-12, documents from 1998 detailing the appellant's appointment, PFR File, Tab 3 at 4-5, and documents from various years about performance plans and standards, PFR File, Tab 3 at 6-8, Tab 4 at 4-10.  The agency has filed a response to the appellant's petition for review, and the appellant has replied.  PFR File, Tabs 7-8.

The administrative judge properly found that the agency proved its charge.

When, as here, the appellant does not occupy a position with medical standards or physical requirements or subject to medical evaluation programs, to establish a charge of physical inability to perform, an agency must prove a nexus between the employee's medical condition and observed deficiencies in his performance or conduct or a high probability, given the nature of the work involved, that his condition may result in injury to himself or others.  *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 11 (2014); *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶¶ 15-16 (recognizing this standard and comparing it with the differing standard that applies in the context of an employee's removal from a position with medical standards based solely on his/her medical history).  The Board has otherwise described this standard as requiring that the agency establish that the appellant's medical condition prevents him from being able to safely and efficiently perform the core duties of his

_____

administrative judge determined that evidence found at IAF, Tab 43 at 10-39, Tabs 44-56, would not be considered.

position. *Haas*, 2022 MSPB 36, ¶¶ 15, 20. In determining whether the agency has met its burden, the Board will consider whether a reasonable accommodation, short of reassignment, exists that would enable the employee to safely and efficiently perform the core duties of the position. *Id.*, ¶ 25.

Once more, the appellant's own psychiatrist indicated that he was medically incapacitated from his position of record and would likely remain so for a year or more. Accordingly, we agree with the administrative judge's conclusion that the agency met its burden of proof; the appellant could not perform any functions of his position with or without accommodation. ID at 7-10.

On review, the appellant alludes to an assertion he presented below—that he might have been able to perform his position if he had been permitted to telework 100% of the time. PFR File, Tab 1 at 7-10; ID at 10. In doing so, the appellant argues that the agency had effectively permitted such an arrangement for him in years past, aside from the rare in-person meeting, even though he had no telework agreement reflecting the same. PFR File, Tab 1 at 7-8. Yet, as the administrative judge recognized, even if 100% telework was available, it is not consistent with the medical restrictions delineated by the appellant's own medical provider—namely, the appellant's inability to work for Wallowa-Whitman National Forest or, more broadly, the Pacific Northwest Region. To the extent that the appellant is suggesting that his medical condition did not preclude him from working in the Pacific Northwest Region, contrary to the opinion of his own medical provider, we are not persuaded. The appellant did not identify any substantive and supportive evidence of the lesser restrictions he now suggests.

<u>The appellant did not prove his disability discrimination claims.</u>[4]

As previously mentioned, the administrative judge found that the appellant did not prove his failure to accommodate and disparate treatment disability discrimination claims. ID at 11-19. She determined that the former failed because, inter alia, the appellant was not a qualified individual with a disability. ID at 11-13. The administrative judge found that the disparate treatment claim was unavailing because the appellant failed to identify any similarly situated individuals who were treated less harshly and there was no credible evidence that his removal was based on a discriminatory animus. ID at 13-19. We affirm the administrative judge's conclusions, while modifying her disparate treatment analysis to incorporate and apply the correct standard.

---

[4] In his initial appeal and subsequent submissions, the appellant alluded to both prior equal employment opportunity (EEO) activity and retaliation. IAF, Tab 1 at 5. In doing so, he alleged that his medical condition—not his removal—was the product of "long-term discrimination, harassment, retaliation, and reprisal from managers named in [his] EEO complaints." *Id.* It appears that the administrative judge initially construed the appellant's statements as a possible EEO reprisal affirmative defense, and she therefore gave him the proper notice of the corresponding burden of proof. IAF, Tab 8 at 4, Tab 9 at 1, 9. Notably, in response to the administrative judge's affirmative defenses order, the appellant only identified claims of failure to accommodate and disparate treatment disability discrimination. IAF, Tab 10. He did not identify a claim of EEO reprisal. In the initial decision, the administrative judge noted that the appellant had ongoing EEO complaints of discrimination and retaliation, and she stated that she did not consider such claims in this matter. ID at 7 n.2.

The appellant does not specifically challenge the administrative judge's decision regarding EEO reprisal. He argues generically that there was "reprisal" and "retaliation," but those arguments largely appear to arise in the context of actions different than the removal action at issue. PFR File, Tab 1. We are mindful of the appellant's pro se status. *See Melnick v. Department of Housing and Urban Development*, 42 M.S.P.R. 93, 97 (1989) (stating that a pro se appellant's pleadings are to be liberally construed), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table). However, in the absence of a specific challenge to the administrative judge's finding in the initial decision that she need not address any claims involving EEO reprisal, we need not address such claims on review. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record).

The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35. The Rehabilitation Act has incorporated the standards of the Americans with Disabilities Act (ADA), as amended. *Id.* Therefore, we apply those standards here to determine if there has been a Rehabilitation Act violation. *Id.* In particular, the ADA provides that it is illegal for an employer to "discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a); *Haas*, 2022 MSPB 36, ¶ 28. An employer is also required to provide reasonable accommodation to an otherwise qualified individual with a disability. 42 U.S.C. § 12112(b)(5); *Haas*, 2022 MSPB 36, ¶ 28. Thus, both a claim of disability discrimination based on an individual's status as disabled and a claim based on an agency's failure to reasonably accommodate that disability require that the individual be "qualified." *Haas*, 2022 MSPB 36, ¶ 28. In other words, if the administrative judge was correct that the appellant was not a "qualified" individual for purposes of a reasonable accommodation claim, then the appellant necessarily cannot prove his disparate treatment claim either.

A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires" with or without reasonable accommodation. 42 U.S.C. § 12111(8); *Haas*, 2022 MSPB 36, ¶ 28. Once more, although the appellant has suggested that he may have been able to continue in his existing position if given the accommodation of 100% telework, he has not identified any supportive evidence, and his own psychiatrist concluded otherwise. In addition, the agency provided evidence that it searched for, but was unable to find, a position to which the appellant could be reassigned. *E.g.*, IAF, Tab 6 at 226-27, 236-38, 242, Tab 35 at 9, 11. On review, the appellant has not presented any argument or evidence to the contrary. Accordingly, we agree with the administrative judge that the appellant is not a

qualified individual with a disability. ID at 12-13. He could not perform the essential functions of his position, or one that he desires, with or without reasonable accommodation. For this reason, the appellant has not proven either his reasonable accommodation or disparate treatment discrimination claims.

<u>The appellant's remaining arguments provide no basis to disturb the initial decision.</u>

As reflected in the examples provided below, the appellant has presented a number of additional arguments on review. We have considered the appellant's arguments, but we find that none of them warrant a different result in this appeal.

The appellant's petition begins with arguments that the Wallowa-Whitman Forest Supervisor and Acting District Ranger were not credible. PFR File, Tab 1 at 4-7. However, as an initial matter, the appellant has not clearly identified material testimony from these two officials that he is disputing. Instead, it appears that he has largely disputed tangential matters, such as the degree to which these officials were involved in a prior suspension, and the duties they would have assigned the appellant if he had been working. *Id*. at 4-6. In addition, the administrative judge's credibility determinations are entitled to deference. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (indicating that the Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). Finally, the appellant's credibility arguments rely on either his own statements, unsupported by evidence of record, or the evidence he submitted for the first time on review, which we have not considered because it is not new and material. PFR File, Tab 1 at 4-7, Tabs 2-5; *see Bucci v. Department of Education*, 42 M.S.P.R. 47, 55 (1989) (stating that evidence offered merely to impeach a witness's credibility generally is not considered new and material). For example, the appellant suggests that some of the evidence he submitted on

review reveals inconsistencies in the testimony of pertinent officials that testified in this appeal, and the agency has long had access to that evidence by virtue of his equal employment opportunity complaints. Yet, the agency's prior access is of no consequence. The appellant has not shown that the evidence he submitted for the first time on review is new and material. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence); 5 C.F.R. § 1201.115(d) (to constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed). For these reasons, we decline to disturb the administrative judge's credibility determinations.

The appellant next argues that the agency selectively enforced policies, including ones concerning telework and performance appraisals. PFR File, Tab 1 at 7-8. He also argues that the agency "played games" regarding discovery requests and, if the agency had been more forthright, additional evidence would have been available, including records pertaining to agency meetings and the appellant's prior absence without leave charge. *Id*. at 8-9. The appellant then presents a detailed timeline covering the period between December 2016 and his October 2018 removal; a timeline that includes various allegations of wrongdoing ranging from false accusations to harassing emails. *Id*. at 10-16. However, the appellant has not explained how these various arguments and assertions relate to the matters at issue in this appeal—whether the agency met its burden of proof for his removal and whether the appellant met his burden of proof concerning his affirmative defenses to that removal.

As a final note, we recognize the appellant's assertion that he was confused by the appeal process. *Id*. at 16-17. In particular, he states that he avoided calling any witnesses of his own because he believed that he would have to pay

for their participation and any associated expenses, thereby preventing him from directly examining any witnesses. *Id.* Yet, the administrative judge's acknowledgment order informed the appellant that 5 C.F.R. part 1201 contained detailed information about Board proceedings. IAF, Tab 2 at 6. It also noted that those regulations were available in a number of places, including the Board's website. *Id.* In a subsequent hearing order, the administrative judge specifically explained that the agency must provide for the appearance of its employees who are approved as witnesses, while the requesting party is responsible for paying appropriate fees for other individuals. IAF, Tab 7 at 3-4; *see* 5 C.F.R. § 1201.37(a) (Federal employees receive no fees for testifying before the Board), (b)-(c) (for any other witness, the requesting party must pay the same fee and mileage allowances which are paid to subpoenaed witnesses in the courts of the United States). We find that these instructions were sufficiently clear.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.